# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ALLEN LLOYD PENOYER,

    Plaintiff,

v.                                    CASE NO. 5:05cv199-RH/WCS

DEBRA D. BRIGGS, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 13), and the objections thereto (document 14). I have reviewed de novo the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court, with the following additional notes.

First, in his objections, plaintiff seems to acknowledge that he knew more than four years before filing this action that the Florida schedule for parole consideration had changed. Plaintiff's contention that he nonetheless can challenge the change as a continuing violation is squarely foreclosed by *Lovett v.*

*Ray*, 327 F.3d 1181 (11th Cir. 2003), as the report and recommendation correctly concludes. In arguing the contrary, plaintiff cites *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), but that case (which dealt with employment discrimination, not parole consideration) was decided prior to, and thus plainly does not undermine, *Lovett*, which sets forth the controlling law of the circuit.

Second, plaintiff also seems to assert that the decision of parole authorities to deny plaintiff parole was racially discriminatory or otherwise unconstitutional. But a substantive challenge to the parole decision in plaintiff's individual case must be brought by petition for writ of habeas corpus, not by an action (like the case at bar) under 42 U.S.C. §1983. Plaintiff is not entitled to relief in this action on these grounds.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED and adopted as the opinion of the court.

2. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall enter judgment accordingly and shall enter on the docket that the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3.  Plaintiff's motion for appointment of counsel (document 15) is DENIED.

4.  The clerk shall close the file.

SO ORDERED this 3d day of January, 2005.

                                        s/Robert L. Hinkle
                                        Chief United States District Judge